ORIGINAL

# In the United States Court of Federal Claims

No. 15-1584C
(Filed June 20, 2016)
NOT FOR PUBLICATION

FILED
JUN 20 2016
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
                                               *
JENNIFER ROSE CLARKE,                          *
                                               *
                  Plaintiff,                   *
         v.                                    *
                                               *
THE UNITED STATES,                             *
                                               *
                  Defendant.                   *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On December 29, 2015, plaintiff Jennifer Rose Clarke, representing herself, filed a complaint in this court, naming as defendants Lanier County Department of Family and Children Services, CPS Supervisor Rhonda Fletcher, and Social Services Case Managers Dymond Brown and Lasheena Littleton. Compl. ¶¶ 2–5. The complaint concerns a custody dispute over Ms. Clarke's two daughters. *Id.* ¶¶ 6–24. Plaintiff alleges deprivation of civil liberties and due process, as well as various violations of the Fourth Amendment. *Id.* ¶¶ 14, 16, 20, 24. Plaintiff requests the following relief: (1) a cease and desist order; (2) all documents with plaintiff's name and her children's names, pictures, recordings, and interviews; and (3) $5,000,000 in emotional damages for plaintiff and her children. *Id.* ¶¶ 25–29.

In response, defendant filed a motion to dismiss this case for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). Def.'s Mot. to Dismiss. at 1. Defendant raises three independent grounds for dismissal: first, plaintiff's failure to assert any allegation or claim against the United States; second, plaintiff's failure to identify a money-mandating provision or other basis for jurisdiction; and finally, that plaintiff's claims and requests for relief sound entirely in tort. *Id.* at 4. Plaintiff failed to file a response to the government's motion.

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack

of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Although a pro se plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction—here, Ms. Clarke—bears the burden of establishing it and must ultimately do so by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

Plaintiff seems to be confused about the jurisdiction of our court. We have the power to hear only cases brought against the *United States* government, primarily money claims based on grounds other than torts. *See* 28 U.S.C. § 1491; RCFC 10(a); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Plaintiff's complaint contains no factual allegations concerning the United States government, much less anything related to our subject-matter jurisdiction (such as a federal contract or a money-mandating statute). *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Due Process Clauses of both Fifth and the Fourteenth Amendments are not money-mandating); *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997) (holding that the Fourth Amendment is not money-mandating). Moreover, Ms. Clarke seeks monetary and injunctive relief based on tort, which is not within our power to grant because the Tucker Act expressly limits our jurisdiction to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013).

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge